POLLAK, District Judge,
dissenting.
I join the court’s opinion insofar as it affirms the District Court’s imposition of an upward departure for unusually heinous conduct under § 5K2.8 of the Sentencing Guidelines. I dissent, however, from the court’s affirmance of the upward departure imposed under § 5K2.3. In United States v. Okane, 52 F.3d 828 (10th Cir.1995), this court held that a § 5K2.3 upward departure may only be granted where “there [is] some evidence of: (1) the nature of the injury actually suffered by the victims in this case, and (2) the psychological injury ‘normally resulting from the commission of the offense.’ ” Id. at 835 (quoting U.S.S.G. § 5K2.3). The second of these requirements derives from the text of § 5K2.3 itself, which states that “the court may increase the sentence above the authorized guideline range” “if a victim or victims suffered psychological injury much more serious than that normally resulting from commission of the offense.” U.S.S.G. § 5K2.3 (emphasis supplied); see also Okane, 52 F.3d at 835 (“Thus, there must be some evidence of both of these elements in order to enable the sentencing court to determine whether the injury actually suffered is sufficiently serious, relative to the normal injury incurred, to warrant a departure.”). In this case, the government submitted no evidence of any kind concerning the psychological harms that “normally result” from conduct as monstrous as Begaye’s. The imposition of an upward departure under § 5K2.3 is, accordingly, inconsistent both with the text of the Guidelines and with Okane.
To overcome this inconsistency, the majority relies on authority from outside this circuit and on United States v. Atkinson, 70 F.3d 1282 (table), 1995 WL 620142 (10th Cir. Oct. 16, 1995), an unpublished decision of this court. Atkinson, however, excused the government from presenting evidence of the psychological harm that normally results from a crime of conviction that would not, under normal circumstances, result in any serious psychological harm to the victim. Atkinson, 1995 WL 620142, at *1, *6 (reviewing sentence imposed for the *472 crime of making a threatening interstate communication). By contrast, Begaye’s conduct — the repeated forcible rape of his young daughter — was so heinous, and the aggravated sexual abuse to which he pled guilty so serious, that Ja.B.’s psychological injuries, while unquestionably severe, are anything but “self-evident[ly]” abnormal' or unexpected under the circumstances. Id. at *6. And although certain sister circuit precedent cited by the court is contrary to the rule announced in Okane, see, e.g., United States v. Oliver, 118 F.3d 562, 567 (7th Cir.1997), Okane is binding in this circuit. It is, therefore, my respectful submission that neither Atkinson, nor the other precedent relied upon by the court, can sustain the court’s holding.